UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 18-80860-CIV-REINHART

SREAM, INC. and ROOR INTERNATIONAL BV,

        Plaintiffs,

vs.

CIJ ENTERPRISES, INC.,

        Defendant.
_____/

**ORDER DENYING DEFENDANT'S MOTIONS
FOR ATTORNEY'S FEES AND COSTS (DE 76, 83)**

  This matter is before the undersigned on the parties' consent to have the undersigned preside over the disposition of this lawsuit. DE 37. I conducted a bench trial on November 4, 2019. Shortly thereafter I issued a written opinion finding that Plaintiffs failed to prove any of their claims. DE 73. Currently pending are Defendant's Motions for Attorney's Fees and Costs (DE 76, 83), Plaintiffs' response in opposition (DE 77), Defendant's reply. DE 78. For the reasons stated below, Defendant's Motions for Attorney's Fees and Costs (DE 76, 83) are **DENIED.**

**BACKGROUND**

  Plaintiffs brought this action claiming that Defendant infringed on Plaintiffs' registered trademark by selling a water pipe at its convenience store that unlawfully bore the Roor Mark. I found that the difference in quality between the water pipe Defendant sold and an authentic Roor water pipe was obvious, that the likelihood of confusion in the relevant market was low and that Plaintiffs did not present any evidence of actual confusion. DE 73 at 7-8. Accordingly, I entered

judgment in favor of Defendant and gave Defendant leave to file a motion for attorney's fees and costs. *Id.* at 9.

With the instant motions Defendant seeks reimbursement of its attorney's fees, contending that this constitutes an exceptional case under the Lanham Act. 15 U.S.C. § 1117(a).

**DISCUSSION**

Under the "American Rule," parties are "ordinarily required to bear their own attorney's fees -- the prevailing party is not entitled to collect from the loser." *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 602 (2001). However, in trademark infringement actions brought under the Lanham Act, the Court "may award reasonable attorney fees to the prevailing party," but only "in exceptional cases." 15 U.S.C. § 1117(a). Here, it is undisputed that Defendant is the prevailing party, thus, I need only determine whether this case is exceptional, so as to warrant the imposition of attorney's fees.

In assessing whether a case is exceptional, "courts may consider whether there was purposeful, intentional or willful conduct that went beyond mere negligence." *Sream, Inc. v. Cary Tobacco I, Inc.*, No. 16-23963-CIV, 2017 WL 6408981, at *1 (S.D. Fla. Aug. 2, 2017) (J. Torres), report and recommendation adopted, No. 16-CV-23963, 2017 WL 6408996 (S.D. Fla. Aug. 17, 2017) (J. Williams); *Welding Servs., Inc. v. Forman*, 301 Fed. App'x 862, 862–63 (11th Cir. 2008) ("attorney's fees to a prevailing defendant may be justified when a plaintiff has brought an obviously weak Lanham Act claim and the evidence shows that the plaintiff acted in bad faith and with an improper motive."). *See also Tire Kingdom, Inc. v. Morgan Tire & Auto, Inc.*, 253 F.3d 1332, 1335 (11th Cir. 2001) ("an 'exceptional case' is one that can be characterized as 'malicious, fraudulent, deliberate and willful,' or one in which 'evidence of fraud or bad faith' exists") (citation omitted). The Supreme Court has held that an exceptional case "is simply one that stands out from

others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S. Ct. 1749, 1756 (2014). "District courts may determine whether a case is 'exceptional' in the case-by-case exercise of their discretion, considering the totality of the circumstances." *Id.*

Here, Defendant raises the following arguments in support of its claim that this case is exceptional under the Lanham Act and that attorney's fees are warranted:

First, Defendant contends that this case qualifies as exceptional because Plaintiffs were unreasonable in continuing to pursue this lawsuit despite having a judgment entered against them in a similar case nine months earlier. *See Sream, Inc. v. Smokers Edge, LLC*, No. 18-80545-CV, 2019 WL 2233892 (S.D. Fla. Feb. 6, 2019) (J. Middlebrooks). According to Defendant, the facts in the instant case are even "weaker" than those in *Smokers Edge* (DE 76 at 2), and thus, Plaintiffs were on notice of the tenuousness of their position. *Id.* at 4.

Second, Defendant contends that Plaintiffs' "apparent business model" is to file dozens of trademark infringement lawsuits against "smaller, stand-alone, independent stores" and obtain settlements before trial. *Id.* at 2-3. Defendant argues that Plaintiffs likely earn more revenue from these settlements than from sales of their water pipes. *Id.* at 3. Defendant claims that Plaintiffs were not legitimately concerned about the alleged infringement of their mark because they did not send a cease-and-desist letter to Defendant and delayed over two years before filing this lawsuit. *Id.* at 4.

Third, Defendant contends that Plaintiffs' "attempt to use this Court to award damages for [allegedly infringing the] trademark of an unlawful product, is 'exceptional.'" *Id.* Defendant notes that Plaintiffs' corporate representative testified that their water pipes have competed in the

Cannabis Cup (DE 76 at 5) and Defendant raised the affirmative defense of illegality in its Answer. DE 24 at ¶ 8. In support of this argument, Defendant relies on a similar case, *Sream, Inc. v. Superior Disc., LLC*, No. CV 17-8177, 2019 WL 2124887 (E.D. La. May 15, 2019), wherein the court declined to dismiss the defendant's counterclaim for cancellation of the Roor trademark due to Plaintiffs' alleged fraud in obtaining the registration.[1] Defendant also cites *Kratom Lab, Inc. v. Mancini*, No. 11-80987-CIV, 2013 WL 3927838 (S.D. Fla. July 29, 2013) (J. Marra), where the court found that the plaintiff did not have a valid trademark for its synthetic marijuana because the plaintiff misrepresented its intended use in its application to the USPTO. *Id.* at *5. The court found that the plaintiff's attempt to enforce a fraudulently procured trademark was sufficient evidence of the plaintiff's bad faith and improper motive to render the case exceptional and appropriate for the defendant to recover its attorney's fees. *Id.*

Finally, in its supplemental motion (DE 83), Defendant cites to the very recent decision (February 4, 2020) in *Smokers Edge,* where the trial court found the case to be exceptional and awarded the defendant its attorney's fees. *See Smokers Edge, LLC*, 2019 WL 2233892.

Defendant's argument that it is entitled to attorney's fees based on the *Smokers Edge* case is its strongest. There, the same plaintiffs raised identical claims against a smoke shop that sold a counterfeit Roor water pipe. Nevertheless, upon closer inspection, there are several reasons to distinguish the two cases.

---

[1] The court found that the defendant pled sufficient facts to support its claim that Plaintiffs knew their products were "primarily intended . . . for use in ingesting, inhaling, or otherwise introducing marijuana into the human body," but intentionally misrepresented their goods in their applications to the USPTO. *Superior Disc., LLC*, 2019 WL 2124887 at *4. This decision, entered at the motion to dismiss stage, is inapplicable to my current assessment of exceptionalism in evaluating whether to award attorney's fees.

First, the trial court's conclusion in *Smokers Edge* that Plaintiffs failed to prove their claims was based on a trial that presented different evidence, including a counterfeit water pipe that was different from the one sold in this case. That Plaintiffs lost on their infringement claims in a case involving a different defendant and different facts presented to a different judge does not render Plaintiffs' decision to proceed with the instant case unreasonable. Moreover, in considering the seven factors that courts use to determine whether a defendant's use of a trademark would create customer confusion, the court in *Smokers Edge* found that "[t]he two water pipes are not remotely similar in design, construction or quality" and it therefore concluded that this factor weighed in the defendant's favor. DE 59 at 6-7. In the instant case, I arrived at a different conclusion, noting that

> "The third factor asks whether the parties' [products] 'are the kind that the public attributes to a single source.' The test is not whether the products can be readily distinguished, but rather whether the goods are 'so related in the minds of consumers that they get the sense that a single producer is likely to put out both goods.'" [*Florida Int'l Univ. Bd. of Trustees v. Florida Nat'l Univ., Inc*., 830 F.3d 1242, 1261 (11th Cir. 2016)] (citation omitted). Here, both products in question are water pipes. Although the authentic water pipe is constructed of better quality materials, a consumer seeing the products next to each other reasonably could conclude that one is a higher-end version of the other and that both came from the same source.

DE 73 at 6. Accordingly, I concluded that this factor weighed in favor of the Plaintiffs. *Id.*

Another distinguishing factor is that in *Smokers Edge*, the court noted that despite knowing the identity of the distributor who sold the counterfeit pipe to the defendant smoke shop, Plaintiffs "never investigated the distributor nor did they seek to add them as a party," which the court found "suggests . . . that this infringement was not actually causing Plaintiffs the harm that they claimed" and "further supports the unreasonableness of Plaintiffs' position." DE 77 at 5. These facts are not present in the instant case. There is nothing in the record or Defendant's motion papers regarding the distributor's identity or Plaintiffs' knowledge thereof.

The procedural history of the two lawsuits in terms of the parties' settlement discussions, or at least each court's respective knowledge of the settlement negotiations, is also distinguishable. In *Smokers Edge*, the court observed that the defendant twice offered to settle the lawsuit for $2,500.00, but Plaintiffs rejected both offers. DE 77 at 2. The court found that "the substantially wiser course would have been to accept Defendant's settlement offer, rather than proceeding to trial." DE 77 at 5. By contrast, in this case, I was not advised whether Defendant made any settlement offer to Plaintiffs in advance of the trial. Therefore, unlike the court in *Smokers Edge*, I cannot asses the reasonableness of any offer or the rejection thereof in determining whether Plaintiffs' course of conduct during the litigation was exceptional.

Finally, the court in *Smokers Edge* found that the defendant was entitled to the equitable defense of laches because it was prejudiced by Plaintiffs' delay in filing the lawsuit. The prejudice was that defendant was "ultimately unable to effectively pursue a claim against the now-defunct third party distributor." DE 59 at 8; DE 77 at 5. The court found that Plaintiffs' delay in bringing the *Smokers Edge* lawsuit was neither excusable nor reasonable. I made no such finding in the instant case.

Each of these factors undoubtedly contributed to the court's conclusion in *Smokers Edge* that "Plaintiffs acted unreasonably" and that their lawsuit was "frivolous," which in turn resulted in a finding that the case was an exceptional one that warranted an award of attorney's fees. DE 77 at 6. None of these factors were present in the instant case. Their absence leads me to conclude that this was not an exceptional case. *Cf. Tire Kingdom, Inc.*, 253 F.3d at 1336 (upholding trial court's award of attorney's fees to prevailing defendant in an exceptional case where there was evidence of plaintiff's bad faith and improper motive); *Tobinick v. Novella*, 884 F.3d 1110, 1118–19 (11th Cir. 2018) (affirming trial court's finding that the case was an exceptional one meriting

an award of fees under the Lanham Act where plaintiff "responded to a number of adverse decisions by accelerating the pace of his filings, repeatedly seeking to add parties and claims and bringing what the court viewed as baseless motions for sanctions and accusations of perjury").

I am also not persuaded by Defendant's argument that Plaintiffs were not legitimately concerned about the alleged infringement of their mark and only brought these lawsuits against small, independently-owned stores for purposes of achieving settlement payments. Defendant's motion openly admits to making hypothetical assumptions about the settlement proceeds Plaintiffs probably obtained and how these amounts likely exceeded their sales revenues. DE 76. There is no evidence in the record to support these assumptions. Moreover, Defendant does not characterize Plaintiffs' behavior as extortionary or specifically attribute Plaintiffs' strategy of selecting certain retailers to sue and pursing settlements to a bad faith motive. Defendant merely argues that "these cases jammed the Southern District's Dockets and wasted precious Court time and resources." DE 76 at 3. While I agree that judicial resources should not be wasted, the evidence presented at trial established that Plaintiffs had a trademark for their Roor water pipes and that Defendant sold a counterfeit product with the same mark. These facts undermine Defendant's suggestion that Plaintiffs' lawsuits are frivolous; even though Plaintiffs did not prevail, there appears to have been a reasonable basis for Plaintiffs to bring an infringement action in this instance.

Similarly, I reject Defendant's claim that this case is exceptional because of the alleged illegality of the water pipes at issue. Notably, Defendant's affirmative defenses did not include a claim that Plaintiffs fraudulently procured their trademark and there is nothing in the record that establishes the illegality of the product. Unlike *Kratom Lab*, there is no evidence that anyone affiliated with Plaintiffs has been charged with, much less pleaded guilty to, false packaging or

making misrepresentations to the USPTO.[2] Rather, here, Plaintiffs' corporate representative testified at the trial that Plaintiffs advertise and market their water pipes only for tobacco use. DE 73 at ¶ 22.

## **CONCLUSION**

Based on the foregoing, I find that this was not an exceptional case under the Lanham Act and I decline to award attorney's fees. Accordingly, Defendant's Motions for Attorney's Fees and Costs (DE 76, 83) are **DENIED.**[3]

**DONE AND ORDERED** in Chambers this 3rd day of March, 2020 at West Palm Beach in the Southern District of Florida.

_____
BRUCE REINHART
United States Magistrate Judge

---

[2] In *Kratom Lab, Inc.*, the creators of the synthetic marijuana pleaded guilty to a criminal charge for falsely stating on the product packaging that it was "'incense' or 'potpourri' and was 'not for human consumption,' when the defendant[s] knew otherwise." *Id.* at *2.

[3] While Defendant may have been entitled to reimbursement of its taxable costs as the prevailing party under Rule 54, the only cost for which Defendant sought reimbursement was its portion of the mediation fee. DE 76 at 10. Defendant subsequently withdrew that request. DE 78 at 2.